# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 15, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| THOMAS ROSE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1095V |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Influenza (Flu) Vaccine; Pneumococcal |
| AND HUMAN SERVICES, | * | (Prevnar 13) Vaccine; Vascular Injury. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

Clifford Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.
Debra Begley, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On September 1, 2016, Thomas Rose ("petitioner") filed a petition under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act").[2] Petitioner stated that he received an influenza ("flu") vaccine on September 23, 2013, and a pneumococcal vaccine on July 6, 2015. Petition at 2. Petitioner alleged that as a result of these vaccines, he suffered a "vascular event" that caused permanent vision loss in his left eye. Id. at 2. In the alternative, he alleged that the vaccines significantly aggravated a preexisting condition. Id. at 2.

On March 14, 2019, petitioner filed a motion for a decision dismissing the petition.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Motion for Decision dated March 14, 2019 (ECF No. 56).  Although petitioner maintained his belief that the vaccines identified in his petition caused his alleged injury, he concluded that he would not be able to establish entitlement to compensation in the Vaccine Program.  Id. at 1.  Petitioner affirmed that he understands that such a decision will end his rights in the Vaccine Program.  Id.  He also noted that he anticipates electing to reject the Vaccine Program judgment and filing a civil action.  Id. at 2.

To receive compensation under the Program, petitioner must prove either: 1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that his injuries were actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that he suffered a "Table Injury," nor does petitioner allege that he suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that petitioner's vision loss, or any other injuries, were caused by the vaccinations he received on September 23, 2013, or July 6, 2015.

Under the Vaccine Act, petitioner may not be awarded compensation based solely on petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, the medical records alone are insufficient to establish causation.  As noted by respondent's expert, Dr. Mehrdad Matloubian, many of petitioner's symptoms "were not associated with any vaccination event."  Resp. Ex. A at 18.  Although petitioner filed an expert report from Dr. Judy Mikovits and Dr. Francis Ruscetti, the undersigned found this report unpersuasive.  Order dated July 13, 2018 (ECF No. 44).  Noting that neither of petitioner's experts were medical doctors, the undersigned asked petitioner to submit a new expert report from a rheumatologist.  Id.  However, petitioner did not submit an expert report from a rheumatologist or any other medical doctor.  See Pet. Motion dated Feb. 11, 2019 (ECF No. 52).

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury," or that his injuries were caused-in-fact or significantly aggravated by his September 23, 2013 or July 6, 2015 vaccinations.

Therefore, this case is dismissed for insufficient proof.  In the absence of a motion for review,[3] the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this decision.

**IT IS SO ORDERED.**

                **s/Nora Beth Dorsey**
                Nora Beth Dorsey
                Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.