# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: October 21, 2019)

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| THOMAS ROSE, | * | UNPUBLISHED |
| | * | No. 16-1095V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioners.
Debra A. Filteau Begley, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 1, 2016, Thomas Rose ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that he suffered a "vascular event" that caused permanent vision loss in his left eye as a result of an influenza ("flu") vaccination on September 23, 2013, and a pneumococcal vaccine on July 6, 2015. Petition at 2, ECF No. 1. On March 14, 2019, petitioner filed a motion for a decision dismissing the petition, and on March 15, 2019, the undersigned issued her Decision dismissing the petition for insufficient proof. ECF No. 57.

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On June 11, 2019, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 61). Petitioner requests compensation in the amount of $79,112.10, representing $50,566.30 in attorneys' fees and $28,545.80 in costs. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs in the amount of $400.00 in pursuit of this litigation. *Id.* at 2. Respondent filed his response on June 26, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response, ECF No. 62, at 2. Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $65,180.47.

**I.      Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although petitioners were denied compensation, the undersigned finds that both good faith and reasonable basis exist. Accordingly, a final award of attorneys' fees and costs is proper.

**a.   Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.  Reasonable Hourly Rates

For attorney Clifford Shoemaker, petitioner requests an hourly rate of $430.00 for work performed in 2016, $440.00 for work performed in 2017, $450.00 for work performed in 2018, and $460.00 per hour for work performed in 2019. For attorney Renee Gentry, petitioner requests $424.00 for work performed in 2017 and $445.00 for work performed in 2019. For attorney Sabrina Knickelbein, petitioner requests $365.00 for work performed in 2016, $378.00 for work performed in 2017, $391.00 for work performed in 2018, and $400.00 per hour for work performed in 2019. Because the attorneys practice in Vienna, Virginia, forum rates apply.

The requested rates are reasonable and consistent with what Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein have previously been awarded for their Vaccine Program work. Accordingly, no adjustment to the requested rates is necessary.

### ii.  Reasonable Hours Expended

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioner's counsel is appropriate due to paralegal work billed at attorney rates.

It is well established that attorneys who bill for paralegal-level work must appropriately reduce their fee. Mostovoy, 2016 WL 720969, at *5. Moreover, the Vaccine Program does not permit billing at any rate for clerical or administrative work, since such tasks "should be considered as normal overhead office costs included in the attorneys' fees rate." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). In the Vaccine Program, administrative work includes such tasks as making travel arrangements, setting up meetings, reviewing invoices, and filing exhibits. Hoskins v. Sec'y of Health & Human Servs., No. 15-071, 2017 U.S. Claims LEXIS 934, at *6-7 (Fed. Cl. Spec. Mstr. July 12, 2017) ("Almost all of the paralegal's time was spent on scanning, paginating, and filing records—clerical activities for which neither an attorney nor a paralegal should charge."); Floyd v. Sec'y of Health & Human Servs., No. 13-556, 2017 U.S. Claims LEXIS 300, at *13-14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome of the tasks performed by paralegals were clerical/secretarial in nature. Examples include . . . filing documents through the CM/ECF system."); Mostovoy, 2016 WL 720969, at *12.

Many of Ms. Knickelbein's tasks fit into these categories. Although she is an attorney, Ms. Knickelbein devoted nearly all of her time in this matter to administrative or paralegal work. Pet. App. at 19-29; see also Prokopeas, 2017 U.S. Claims LEXIS 1771, at *13 (noting that Ms. Knickelbein billed for "a plethora of administrative tasks"); Hooker v. Sec'y of Health & Human Servs., No. 02-472, 2017 U.S. Claims LEXIS 845, at *58-59 (Fed. Cl. Spec. Mstr. April 11, 2017). In this case, the billing records indicate that Ms. Knickelbein billed time for collecting medical records, corresponding with petitioner, drafting and filing *pro forma* legal documents (such as notices of filing and motions for extension of time), and reviewing filings on CMECF. These are tasks which are typically handled by paralegals in the undersigned's experience. Additionally, Ms. Knickelbein has many billing entries for review of various filings made by the Court and respondent which are duplicative with time billed by Mr. Shoemaker. Overall, the undersigned finds that a 10% reduction to fees is appropriate, resulting in a reduction of **$5,056.63**. Petitioner is thus awarded final attorneys' fees of **$45,509.67**.

### b. Attorneys' Costs

Petitioner requests a total of $28,545.80 in attorneys' costs. The majority of this amount ($18,550.00) is for the expert work of Drs. Judy Mikovits and Francis Ruscetti review of medical records and preparation of an expert report. Drs. Mikovits and Ruscetti billed 53.0 hours at an hourly rate of $350.00.

The expert reports and testimony offered by Dr. Mikovits and Dr. Ruscetti have received significant criticism in the Vaccine Program. In many instances, their reports have been "riddled with errors, exaggerations, and false statements." Dominguez v. Sec'y of Health & Human Servs., No. 12-378V, 2018 WL 3028975, at *6-7 (Fed. Cl. Spec. Mstr. May 25, 2018). Some special masters have also questioned Dr. Mikovits' credentials specifically, noting that "one of her research papers was severely criticized and subject to retraction from a scientific journal,"[3] Rogero v. Sec'y of Health & Human Servs., No. 11-770V, 2017 U.S. Claims LEXIS 1200, at *129 (Fed. Cl. Spec. Mstr. Sept. 1, 2017), and that she has not held a research position since 2012. Dominguez, 2018 WL 3028975, at *6. The undersigned herself has previously called the experts' past reports "generally speculative, difficult to follow, and outside the experts' area of expertise." Deisher v. Sec'y of Health & Human Servs., No. 17-294V, 2019 WL 1870737, at *15 Fed. Cl. Spec. Mstr. Apr. 1, 2019).

The expert report filed by Drs. Mikovits and Ruscetti in the instant case displays the same weaknesses. As the undersigned previously observed, Drs. Mikovits and Ruscetti are not medical doctors specialized rheumatology, and the submitted report ultimately provided no support for petitioner's cause, necessitating petitioner's ultimately unsuccessful attempts to obtain a second expert. Order, dated July 13, 2018, at 1 (ECF No. 44). Therefore, as she has done in the past, the undersigned will reduce the requested expert fee by 50%, resulting in a reduction of **$9,275.00**.

---

[3] The retraction was spurred by "multiple other studies being unable to confirm the results (including studies performed by some of the original authors), evidence of poor quality control in some of the experiments, and evidence of manipulation or mislabeling of certain figures used in the studies." Dominguez, 2018 WL 3028975, at *5.

The remaining costs sought are for preliminary review of medical records by Dr. Arthur Brawler and Dr. M. Eric Gershwin, acquiring medical records, and postage. The undersigned has reviewed the submitted documentation and finds that all of these requested costs are reasonable and have been adequately supported. Accordingly, petitioner is awarded final costs of **$19,270.80**.

### c. Petitioners' Costs

Pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs in the amount of $400.00 in pursuit of this litigation for the Court's filing fee. Fees App. at 2. Petitioner has provided adequate documentation for this cost and the undersigned finds it to be reasonable. Petitioner is therefore entitled to a full reimbursement of costs incurred.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $50,566.30 |
| (Total Reduction from Billing Hours) | - ($5,056.63) |
| **Total Attorneys' Fees Awarded** | **$45,509.67** |
| | |
| Attorneys' Costs Requested | $28,545.80 |
| (Reduction of Costs) | - ($9,275.00) |
| **Total Attorneys' Costs Awarded** | **$19,270.80** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$64,780.47** |
| | |
| **Total Petitioners' Costs Awarded** | **$400.00** |
| | |
| **Total Amount Awarded** | **$65,180.47** |

**Accordingly, the undersigned awards the following:**

1) **$64,780.47 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Clifford Shoemaker; and**

2) **$400.00 in petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

                                                **s/Nora Beth Dorsey**
                                                Nora Beth Dorsey
                                                Special Master